UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-CR-150 (SRN/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| Derek Edward Benedict, et. al., | |
| Defendants. | |

---

Surya Saxena, United States Attorney's Office 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Plaintiff

Thomas G. Dunnwald, Dunnwald & Peterson, PA, 205 Garland Building, 201 East Hennepin Ave., Minneapolis, Minnesota 55414, on behalf of Defendant Derek Edward Benedict

David Izek, Altman & Izek, 901 North Third Street, Suite 140, Minneapolis, Minnesota 55401, on behalf of Defendant Lyle Robert Carpenter

_____

SUSAN RICHARD NELSON, District Judge

This matter is before the Court on Defendants' oral motions to offer expert testimony. (See Def. Benedict's Mem. in Supp. Defense [Expert] Witness Testimony [Doc. No. 315]; Def. Carpenter's Mem. in Supp. Mot. to Offer Expert Testimony [Doc. No. 317].) For the reasons set forth herein, Defendants' motions are denied.

I.   BACKGROUND

Defendants Benedict and Carpenter previously moved to exclude the testimony of

certain cooperating witnesses and to request a hearing on reliability. (Def. Benedict's Mot. to Exclude Cooperating Witness Testimony & Request Hearing on Reliability [Doc. No. 289]; Def. Carpenter's Mot. to Exclude Cooperating Witness Testimony and Request Hearing on Reliability [Doc. No. 292].) At the pretrial conference, the Court denied Defendants' motions. (Minutes of 12/6/13 Pretrial Conference [Doc. No. 318].) During the conference, counsel for Defendant Benedict indicated for the first time that he intended to call an expert witness at trial. The Court permitted Defendants to make proper expert disclosures pursuant to Fed. R. Crim. P. 16(b)(1)(c), and for the Government to file any related motions to exclude expert testimony.

Defense counsel filed the instant memoranda in support of their oral motions to offer expert testimony. (Def. Benedict's Mem. in Supp. Defense [Expert] Witness Testimony [Doc. No. 315]; Def. Carpenter's Mem. in Supp. Mot. to Offer Expert Testimony [Doc. No. 317].) In Defendant Benedict's Memorandum [Doc. No. 315], Benedict contends that he provided notice and Rule 16 information on his proposed expert witness, Jeffrey Neuschatz, Ph.D., in the form of an affidavit and exhibits attached to his Motion to Exclude Cooperating Witness Testimony. (Def. Benedict's Mem. Supp. of Defense [Expert] Witness Testimony [Doc. No. 315] at 1) (citing Aff. of Jeffrey Neuschatz [Doc. No. 290].) Benedict argues that Dr. Neuschatz's testimony is necessary to ensure his due process right to a complete and meaningful defense. (Id. at 2.) Based on his affidavit, it appears that Dr. Neuschatz would offer expert testimony regarding the "persuasive" and "corruptive" power of confessions evidence. (Neuschatz Aff. at 2-12

[Doc. No. 290].)  In his affidavit, he opines that "false informant testimony is the leading cause of wrongful convictions in the United States." (Id. at 13.)  Defendant Benedict argues that this trial is based on "rewarded statements. . . of co-defendants," and therefore he should be permitted to provide expert testimony addressing "the competence and admissibility of much of the government's case." (Def. Benedict's Mem. Supp. of Defense [Expert] Witness Testimony at 3 [Doc. No. 315].)

Defendant Carpenter likewise contends that Dr. Neuschatz's testimony "is relevant to rebut the Government's case that the co-defendants are credible witnesses without having any situational phenomenons corrupting their testimony." (Def. Carpenter's Mem. Supp. of Mot. to Offer Expert Testimony at 2 [Doc. No. 317].)  Citing Fed. R. Evid. 702(a), Defendant Carpenter argues that such expert testimony will assist the jury. (Def. Carpenter's Mem. Supp. of Mot. to Offer Expert Testimony at 1-2 [Doc. No. 317].)  Specifically, he contends that Dr. Neuschatz's testimony "will permissibly explain the significance of evidence that would not be familiar to average jurors with no previous exposure to confession evidence or false informant testimony. . . ." (Id.)  In response to the Government's argument that the Defendants' expert disclosure was untimely, Defendant Carpenter argues that the Government "provides defendants almost daily with continuous updated witness and exhibit lists, two days away from trial." (Id. at 1.)

The Government opposes Defendants' motions as untimely. (Govt's Opp'n Mem. at 2 [Doc. No. 316].)  In addition, the Government contends that Defendants' motions should be denied on the merits, arguing that the subject of Dr. Neuschatz's proposed

testimony would improperly invade the province of the jury. (Id. at 4-5.)

## II.     DISCUSSION

Pursuant to Fed. R. Crim. P. 16(b)(1)(C), a defendant offering expert testimony must "at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence" if the government has requested disclosure under subdivision (a)(1)(G) of the rule and has itself complied with the rules regarding its own expert disclosures.  If a party fails to comply with Rule 16, the Court may, among other things, prohibit the party from introducing the undisclosed evidence.  Fed. R. Crim. P. 16(d)(2)(C).

Nearly six months ago, on June 27, 2013, the Government filed its request for disclosure of expert witnesses. (Govt.'s Mot. for Discovery [Doc. No. 62].)  The Government avers that it disclosed its own expert witness to Defendants via letter on November 19, 2013.  (Govt's Opp'n Mem. at 2 [Doc. No. 316].)  Accordingly, the requirements of Fed. R. Crim. P. 16(b)(1)(C) apply.  At the December 6, 2013 pretrial conference, Defendant Benedict's counsel first indicated his intention to call an expert witness.  Defendant Benedict states that his disclosure is complete and that the Government has failed to request any further information that it deems necessary.  (Def. Benedict's Mem. Supp. Defense [Expert] Witness Testimony at 1 [Doc. No. 315].)

Defendants have failed to comply with Fed. R. Crim. P. 16(b)(1)(C). Moreover, at the December 6, 2013 pretrial conference, the Court permitted Defendants to make proper

expert disclosures pursuant to Fed. R. Crim. P. 16(b)(1)(c).  Defendants have made no disclosures since the pretrial conference.  The Government has not been provided with a written summary of Dr. Neuschatz's testimony, describing his opinions, the bases and reasons for those opinions, and his qualifications.  Fed. R. Crim. P. 16(b)(1)(C).  Accordingly, Defendants' motion to offer expert testimony is denied in light of this disclosure violation.

Even absent the procedural violation, however, Defendants' motions fail on substantive grounds.  Opinion testimony from an expert "qualified . . . by knowledge, skill, experience, training or education" is admissible "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact" and if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.  The Court, acting as a "gatekeeper," must evaluate whether proffered expert testimony passes muster under Rule 702, <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 597-98 (1993), bearing in mind that the touchstone for admitting such testimony is assistance to the trier of fact.  <u>See</u>, <u>e.g.</u>, <u>Larson v. Kempker</u>, 414 F.3d 936, 941 (8th Cir. 2005).

While Defendants argue that the proffered testimony of Dr. Neuschatz will be helpful to the jury, the Court disagrees.  Based on his affidavit, it appears that Dr. Neuschatz would opine about the "persuasive" and "corruptive" power of confession evidence – i.e., the evidence of cooperating witnesses. (Neuschatz Aff. at 2-12 [Doc. No.

290].)  He avers, "Without expert assistance, jurors' abilities to assess the veracity of a witness's testimony are extremely limited." (Id. at 10.)  The Eighth Circuit has stated that

> [b]ecause expert evidence can be both powerful and quite misleading, a trial court must take special care to weigh the risk of unfair prejudice against the probative value of the evidence under Fed. R. Evid. 403. It is plain error to admit testimony that is a thinly veiled comment on a witness's credibility . . . .

Nichols v. American Nat. Ins. Co., 154 F.3d 875, 884 (8th Cir. 1998) (internal citations and quotations omitted).  This is because "[w]eighing evidence and determining credibility are tasks exclusive to the jury, and an expert should not offer an opinion about the truthfulness of witness testimony." Id. at 883 (citing United States v. Rouse, 111 F.3d 561, 570-71 (8th Cir. 1997); Westcott v. Crinklaw, 68 F.3d 1073, 1076 (8th Cir. 1995)).  Because Dr. Neuschatz's proposed testimony would address issues of witness credibility, his testimony will not be admitted.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

The oral motions of Defendants Benedict and Carpenter to offer expert testimony are **DENIED.**

Dated:   December 11, 2013

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge
