# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Derek Edward Benedict,<br><br>　　　　Defendant. | Case No. 13-cr-150(1) (SRN/FLN)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Surya Saxena and Katharine T. Buzicky, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Thomas G. Dunnwald, Dunnwald & Peterson PA, 205 Garland Building, 201 East Hennepin Avenue, Minneapolis, Minnesota 55414, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter is before the Court on Defendant's Motion for a New Trial and Motion for Judgment of Acquittal [Doc. No. 352]. For the reasons set forth below, the Court denies Defendant's motions.

## II.　BACKGROUND

Defendant Derek Edward Benedict was charged with conspiracy to commit bank burglary, bank larceny, and interstate transportation of stolen property (Count 1); conspiracy to steal controlled substances (Count 2); bank larceny (Counts 4 and 5); burglary involving controlled substances (Count 6); and interstate transportation of stolen

1

property (Count 10).  On December 20, 2013, a jury convicted Defendant of all counts of the Indictment on which he was charged.  (Jury Verdict as to Derek Edward Benedict [Doc. No. 340].)  Defendant now asks the Court to set aside his convictions or grant him a new trial [Doc. No. 355].  The Government opposes Defendant's motions [Doc. No. 355].

## III.   DISCUSSION

### A. Standard of Review

Rule 29 of the Federal Rules of Criminal Procedure provides that a Court may set aside a guilty verdict if the evidence presented at trial is insufficient to sustain a conviction.  FED. R. CRIM. P. 29(c)(2).  The Court, however, "has very limited latitude in ruling upon a motion for judgment of acquittal."  United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004).  The Court cannot weigh the evidence or assess the credibility of witnesses.  Id.  If the evidence rationally supports two conflicting hypotheses, the Court will not disturb the conviction.  Ortega v. United States, 270 F.3d 540, 544-45 (8th Cir. 2001).  Accordingly, the Court may grant a judgment of acquittal "only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged."  Baker, 367 F.3d at 797.

Rule 33 of the Federal Rules of Criminal Procedure permits the Court to grant a new trial to a defendant "if the interests of justice so require."  FED. R. CRIM. P. 33.  When ruling on a motion for a new trial under this rule, the Court has broader discretion than on a motion for judgment of acquittal under Rule 29.  United States v. Campos, 306

F.3d 577, 579 (8th Cir. 2002). It may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). Nonetheless, the Court's discretion is not unlimited, and it must exercise its authority under Rule 33 "sparingly and with caution." Campos, 306 F.3d at 579. Unless the Court determines that a miscarriage of justice will occur, the jury's verdict must stand. Id.

**B. Motion for Judgment of Acquittal**

Defendant moves for judgment of acquittal, arguing that there was insufficient evidence for conviction. (Def.'s Rule 29 and 33 Mot. for Post-Trial Acquittal or New Trial at 1 [Doc. No. 352].) The Court respectfully disagrees.

To sustain Defendant's conviction for conspiracy to commit bank burglary, bank larceny, and interstate transportation of stolen property (Count 1), the Government was required to prove four elements:

1.  Beginning in or about October 2009 and continuing through in or about February 2013, two or more persons reached an agreement or came to an understanding to engage in at least one of the following three types of conduct:

    a.  To enter and attempt to enter buildings used in whole or in part as a bank or credit union whose deposits were insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration with the intent to commit larceny in those buildings, or part of said buildings, affecting such bank or credit union;

3

  b. To take and carry away with intent to steal property and things of a value exceeding $1,000, belonging to and in the care, custody, control, management and possession of a bank or credit union whose deposits were insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration; or

  c. To unlawfully transport in interstate commerce between the States of Iowa and Minnesota, stolen merchandise, goods, wares, securities, and money of a value of $5,000 or more, knowing the same to have been stolen.

2. Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time that it was first reached, or at some later time while the agreement or understanding was still in effect.

3. At the time Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

4. While the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more of the following acts for the purpose of carrying out or carrying forward the agreement or understanding:

  a. On or about September 9, 2012, Defendants Benedict and Carpenter traveled to the Walgreens store at 3501 Ingersoll Avenue, in Des Moines, Iowa, with the intent of burglarizing that store.

  b. On or about February 23, 2013, Defendant Benedict entered the Walgreens store at 21495 141st Avenue North, in Rogers, Minnesota to conduct

reconnaissance of the store and make preparations for a possible burglary of the store.

To sustain Defendant's conviction for conspiracy to steal controlled substances (Count 2), the Government was required to prove four elements:

1. Beginning in or about November 2011 and continuing through in or about February 2013, two or more persons reached an agreement or came to an understanding to enter and remain in the business, premises and property of a person registered with the Drug Enforcement Administration, with the intent to steal materials and compounds containing a quantity of a controlled substance with a replacement cost of $500 or more.

2. Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time that it was first reached, or at some later time while the agreement or understanding was still in effect.

3. At the time Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

4. While the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did the following act for the purpose of carrying out or carrying forward the agreement or understanding:

    a. On or about July 15, 2012, Defendants Benedict and Carpenter traveled to the Bloomington Drug store at 509 West 98th Street in Bloomington, Minnesota, with the intent to burglarize the store.

To sustain Defendant's conviction for bank larceny (Counts 4 and 5), the Government was required to prove four elements:

     1.     Defendant took and carried away property, money, or other thing of value that belonged to, or was in the care, custody, control, management, or possession of a bank.

     2.     The property, money, or other thing had a value in excess of $1,000.

     3.     Defendant acted with the intent to steal.

     4.     At the time Defendant took and carried away such property, money, or other thing of value, the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

To sustain Defendant's conviction for burglary involving controlled substances (Count 6), the Government was required to prove four elements:

     1.     Defendant entered or attempted to enter a business premises.

     2.     The business premises belonged to a person registered with the Drug Enforcement Administration.

     3.     Defendant did so without authority and with intent to steal any material or compound containing any quantity of a controlled substance.

     4.     The replacement cost of the materials or compounds to the registrant was not less than $500.

To sustain Defendant's conviction for interstate transportation of stolen property (Count 10), the Government was required to prove four elements:

     1.     Property or money was stolen.

     2.     The property or money had a value of $5,000 or more.

   3.  After the property or money was stolen, Defendant moved it or caused it to be moved across a state line.

   4.  At the time Defendant moved it or caused it to be moved across a state line, he knew that it had been stolen.

  Over the course of a seven-day trial, the Government presented extensive testimony of co-conspirators, physical evidence, audio recordings of Defendant's conversations with co-conspirators, and store surveillance videos in support of the charged counts. Viewing the evidence in the light most favorable to the verdict, and making all reasonable inferences in favor of the verdict, the Court finds more than sufficient evidence for Defendant's conviction on Counts 1, 2, 4, 5, 6, and 10. Accordingly, Defendant's motion for judgment of acquittal on grounds of insufficient evidence for conviction is denied.

  **C. Motion for a New Trial**

  Defendant moves for a new trial on two grounds: (1) that the Court should have severed Defendants Benedict and Lyle Robert Carpenter for trial, and (2) the Court failed to allow Defendant Benedict "to present a complete defense and in the interest of justice." (Def.'s Rule 29 and 33 Mot. for Post-Trial Acquittal or New Trial at 1 [Doc. No. 352].) Again, the Court respectfully disagrees.

  First, Defendants Benedict and Carpenter were permissibly tried together. Rule 14 of the Federal Rules of Criminal Procedure provides that if the joinder of offenses or defendants in an indictment appears to prejudice a defendant, the Court may order "separate trials of counts, sever the defendants' trials, or provide any other relief that

7

justice requires." FED. R. CRIM. P. 14(a).  But generally, persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based on the same evidence and acts.  United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003).  Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial."  Bruton v. United States, 391 U.S. 123, 135 (1968). "Severance may only be granted upon defendant's showing of real prejudice." Washington, 318 F.3d at 858.

In the instant motion, Defendant does not explain why the Court should have severed Defendants Benedict and Carpenter for trial.  Defendant does not identify any evidence that may have prejudiced him unfairly.  Nor does Defendant provide any reason why the jury would have been unable to reach a verdict as to his guilt using only the evidence that pertained to him.  Any prejudice was mitigated by the Court's limiting instructions that each defendant was entitled to have his case decided solely on the evidence that applied to him.  Particularly because some of the proof against Defendant Benedict was based on the same facts and evidence as that against Defendant Carpenter, trying Defendants Benedict and Carpenter together was appropriate.

Second, contrary to Defendant's unsupported claim, the Court allowed Defendant to present a complete defense.  Defendant presumably takes issue with the Court's decision to exclude the testimony of Jeffrey Neuschatz, Ph.D., who would have opined on the "persuasive" and "corruptive" power of confession evidence and the unreliability of cooperating witnesses. (Neuschatz Aff. at 2-12 [Doc. No. 290]; Dec. 11, 2013, Order

[Doc. No. 320].) But as this Court previously found, "the subject of Dr. Neuschatz's proposed testimony would improperly invade the province of the jury." (Dec. 11, 2013, Order at 4 [Doc. No. 320].) The jury is fully capable of determining the veracity of a witness's testimony. Indeed, "[w]eighing evidence and determining credibility are tasks exclusive to the jury, and an expert should not offer an opinion about the truthfulness of witness testimony." Id. at 6 (citations omitted). Because Defendant's expert would have testified on issues of witness credibility, excluding this expert was proper. In addition, the Court gave limiting instructions concerning the testimony of cooperating witnesses:

> You have heard evidence that certain witnesses have made a plea agreement with the Government. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by the plea agreement is for you to determine. The witness's guilty plea cannot be considered by you as any evidence of the defendant's guilt. The witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

Under these circumstances, the exclusion of Dr. Neuschatz did not preclude Defendant from presenting a complete defense.

For all of these reasons, Defendant's motion for a new trial is denied.

## IV.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for a New Trial and Motion for Judgment of Acquittal [Doc. No. 352] are **DENIED**.

Dated: January 24, 2014  

s/ Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Court Judge