UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0150 (1) (SRN/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| DEREK EDWARD BENEDICT, | |
| Defendant. | |

This matter is before the Court on four motions of defendant Derek Edward Benedict. First, Benedict seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c). *See* ECF No. 569. Second, Benedict requests appointment of counsel in pursuing relief under § 3582(c). *See* ECF No. 573. Third, requests to proceed *in forma pauperis* ("IFP") during the § 3582(c) proceedings and to be excused from any filing-fee obligations. *See* ECF No. 574. Fourth, Benedict requests production of transcripts at government expense in anticipation of unrelated proceedings under 28 U.S.C. § 2255. All four motions are denied for the reasons explained below.

I.  BACKGROUND

Benedict was convicted after a jury trial on charges of conspiracy to commit bank burglary, aiding and abetting bank larceny, conspiracy to steal controlled substances, aiding and abetting burglary involving controlled substances, and aiding and abetting interstate transportation of stolen property. At sentencing in April 2015, the Court concluded that Benedict was a career offender as that term was then defined by the

1

United States Sentencing Guidelines and imposed a 150-month term of imprisonment — a variance upward from the 100-125 months recommended for a defendant (such as Benedict) with an offense level of 24 and a criminal-history category of VI.  *See* U.S.S.G. § 4B1.2 (2014).

During the pendency of Benedict's direct appeal, the Supreme Court held in *Johnson v. United States* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), ran afoul of "the Constitution's prohibition of vague criminal laws."  135 S. Ct. 2551, 2555 (2015).  *Johnson* was not directly relevant to Benedict's case — he had not been convicted under the ACCA — but the career-offender enhancement pursuant to which Benedict had been sentenced included a residual clause identical to that struck down in *Johnson*.  On direct appeal, Benedict contended that the application of the career-offender enhancement had therefore been unlawful.

Initially, the Eighth Circuit concluded that, even assuming *Johnson* applied to the Sentencing Guidelines, Benedict nevertheless was correctly found to be a career offender because his prior convictions for commercial burglary also qualified as enumerated offenses under the version of § 4B1.2 then in effect.  *See United States v. Benedict* ("*Benedict I*"), 815 F.3d 377, 385-86 (8th Cir. 2016) (citing *United States v. Stymiest*, 581 F.3d 759 (8th Cir. 2009)).  Benedict then sought, and was granted, *en banc* review on the question of whether his burglary offense qualified as an enumerated offense under the sentencing guidelines.  *Benedict I* was accordingly vacated.

Around that same time, the Supreme Court granted a writ of certiorari in *Beckles v. United States* on the question of whether the residual clause of the career-

offender enhancement of the Sentencing Guidelines, like the residual clause of the ACCA, was also void for vagueness, as the Eighth Circuit had assumed without deciding in *Benedict I*. The Eighth Circuit stayed Benedict's appeal pending the Supreme Court's decision in *Beckles*, which came in March 2017: "advisory Guidelines are not subject to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). The stay was lifted and Benedict's appeal was returned to the original panel for disposition. A few weeks later, the Eighth Circuit again affirmed Benedict's sentence, this time finding, consistent with *Beckles*, that the residual clause of the career-offender enhancement remained valid at the time of his sentencing and that his prior burglary convictions qualified as predicate offenses under that clause. *See United States v. Benedict* ("*Benedict II*"), 855 F.3d 880, 890 (8th Cir. 2017).

As all this took place, the United States Sentencing Commission amended the Sentencing Guidelines to remove the residual clause of the career-offender enhancement, effective August 1, 2016. *See* Sentencing Guidelines Amendment 798. That same amendment also removed "burglary of a dwelling" from the list of enumerated offenses. *Id.* If sentenced under the Guidelines now in effect (or the version in effect at the time of *Benedict II*), Benedict would no longer qualify as a career offender under § 4B1.2.

## II.  ANALYSIS

Under § 3582(c), a district court may modify a term of imprisonment

> in the case of a defendant who has been sentenced to a term
> of imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing Commission
> . . . after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, if such a reduction is

3

> consistent with applicable policy statements issued by the Sentencing Commission.

Benedict argues that because he would no longer be a career offender if sentenced today, his sentencing range has subsequently been lowered by the Sentencing Commission through Amendment 798, and his sentence may be reduced pursuant to § 3582(c).[1]

Benedict is incorrect. Only if a sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission" may such a reduction be applied under § 3582(c). Among the policy statements of the Sentencing Commission is that only particular, enumerated amendments to the Sentencing Guidelines qualify a defendant for relief under § 3582(c). Amendment 798 is not among those enumerated amendments. *See* U.S.S.G. § 1B1.10; *accord United States v. Strevig*, 663 Fed. App'x 908, 912 (11th Cir. 2016) ("The Sentencing Commission, however, has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the Amendment."). By its plain terms, then, § 3582(c) excludes Benedict from relief.

Benedict contends that his sentence may nevertheless be reduced because Amendment 798 took effect while his case remained pending on direct appeal — that is, before his sentence had become final. Section 3582(c), however, makes no distinction between cases where the relevant guidelines range has been lowered during, rather than after, direct appeal. Had Amendment 798 applied retroactively, that amendment could be

---

[1] The recommended sentencing range for Benedict's offense absent the career-offender enhancement is unclear, but his sentencing range presumably would have been lower had the enhancement not applied, as the career-offender enhancement applies only where the offense level established by the enhancement "is greater than the offense level otherwise applicable." U.S.S.G. § 4B1.1(b).

4

invoked in support of a motion under § 3582(c) regardless of when that amendment took effect, so long as the amendment took effect after sentencing. *See, e.g.*, *United States v. Lawin*, 779 F.3d 780, 781-82 (8th Cir. 2015). Conversely, if a guidelines amendment cannot be invoked retroactively, a defendant cannot avail himself of relief under § 3582(c) regardless of when that guidelines amendment took effect (again, assuming the amendment took effect after sentencing). And a defendant has no entitlement to being sentenced to Guidelines provisions not yet in effect at the time of their sentencing, even when those provisions go into effect while the matter remains pending on direct appeal. *Id.* at 781.

That said, if the Court *did* have authority to reduce Benedict's sentence under § 3582(c), it would decline to exercise that authority, as the factors set forth in 18 U.S.C. § 3553(a) fail to support a sentence reduction. Benedict's sentence was only loosely guided by the recommended sentencing range in this matter; as explained above, the Court imposed a substantial variance *above* the recommended range, even after taking the career-offender enhancement into effect. This was because, as the Court noted at sentencing, Benedict is a prolific, skilled burglar who had committed several sophisticated offenses over the course of decades. Section 3553(a) requires the Court to impose a sentence that reflects the seriousness of the offense being punished while affording adequate deterrence to criminal conduct and protecting the public from further crimes from the defendant. A sentence of less than 150 months in this case would fail to accomplish these goals, regardless of whether Benedict is classified as a career offender under the Sentencing Guidelines.

5

Accordingly, Benedict's motion for a reduction in sentence is denied. His motion for appointment of counsel is also denied, as Benedict's request for a sentence reduction is futile, and appointed counsel would therefore be of little help to either Benedict or the Court in this matter. And Benedict's motion for IFP status in these proceedings is denied as moot, as no filing fee or other costs are imposed upon filing a motion for relief under § 3582(c).

Finally, Benedict requests that this Court order to be produced, at government expense, various transcripts from the underlying criminal action pursuant to 28 U.S.C. § 753(f) in anticipation of future proceedings under § 2255. "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). Benedict has not adequately explained why he needs the transcripts, and a litigant "is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964) (quotation omitted). Accordingly, the request is denied without prejudice.[2]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[2] Many of the transcripts in this matter have already been prepared during the course of Benedict's direct appeal and may be procured either from the Clerk of Court for a nominal copying fee or, perhaps, from Benedict's defense counsel as part of his case file.

1. Defendant Derek Edward Benedict's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) [ECF No. 569] is DENIED.

2. Benedict's motion for appointment of counsel [ECF No. 573] is DENIED.

3. Benedict's motion for *in forma pauperis* status [ECF No. 574] is DENIED AS MOOT.

4. Benedict's motion for production of transcripts [ECF No. 570] is DENIED WITHOUT PREJUDICE.

Dated: June 4, 2018                    s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge